UNITED STATES of America

v.

Anthony N. POLLARD, Defendant–Petitioner.

Criminal Action No. 91–00243 (SS).
Civil Action No. 96–00886 (SS).

United States District Court, District of Columbia.

Nov. 7, 1996.

Santha Sonenberg, Federal Public Defender for D.C., Washington, DC, for Antonio Pollard.

John Michael Facciola, U.S. Attorney's Office, Washington, DC, for the U.S.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter is before the Court on Defendant–Petitioner Antonio N. Pollard's 28 U.S.C. § 2255 motion to vacate his conviction and sentence imposed on the count charging him under 18 U.S.C. § 924(c). On August 26, 1991, Mr. Pollard pled guilty to (1) possession with intent to distribute cocaine base; (2) using or carrying a firearm during or in relation to a drug trafficking offense (in violation of 18 U.S.C. § 924(c)); and (3) possession of a firearm by a felon. Mr. Pollard contends that his conviction and sentence under 18 U.S.C. § 924(c) has been imposed in violation of the laws of the United States as interpreted in *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).

## BACKGROUND

On March 29, 1991, at approximately 1:00 o'clock in the morning, officers stopped the car in which Mr. Pollard was a passenger. At the plea colloquy, the government proffered that as a police officer approached the vehicle, he witnessed Mr. Pollard move his hand from his "waistband to his lap area in a manner consistent in that officer's experience with an attempt to conceal a weapon." Tr. at 39. Mr. Pollard was asked to get out of the car and another police officer then saw the butt of a gun directly underneath where Mr. Pollard had been seated and near the area where he had made the motion. The gun turned out to be a .357 Smith & Wesson magnum revolver, fully loaded with six rounds and operable. After Mr. Pollard got out of the car and the gun was removed, he was searched. The searching police officer found a white rock substance in Mr. Pollard's pants pocket which was determined to be cocaine.

Mr. Pollard specifically agreed to the government's proffer at the plea colloquy and also admitted that he had "possessed the gun, and ... the cocaine that was found" on him. Tr. at 36. The indictment charged Mr. Pollard with "using and carrying" a firearm in relation to a drug trafficking offense. At a preliminary hearing, the Court ordered that the words "and carrying" be struck from the indictment as surplus language. The Court ascertained, and the defendant does not challenge, the complete voluntariness of Mr. Pollard's plea.

## ANALYSIS AND DECISION

Mr. Pollard has the right to petition the court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. That section provides that: "A prisoner in custody under a sentence of the court ... claiming the right to be released upon grounds that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence; and a motion for relief may be made at any time."

In *Bailey,* the Supreme Court held that "a conviction for 'use' of a firearm during and in relation to a drug trafficking offense," in violation of 18 U.S.C. § 924(c)(1), requires proof that the "defendant actively employed the firearm during and in relation to the predicate offense." —— U.S. at ——, 116 S.Ct. at 501. The Supreme Court has held that use of a firearm "requires more than a showing of mere possession." *Bailey,* —— U.S. at ——, 116 S.Ct. at 506. However, the Supreme Court also added that, "a firearm can be carried without being used, e.g., when an offender keeps a gun hidden in his clothing throughout a drug transaction." *Bailey,* —— U.S. at ——, 116 S.Ct. at 507. This Circuit has also recognized that a person can "carry" a firearm if he or she constructively possesses it, and it is within easy reach. *United States v. Morris,* 977 F.2d 617, 620–621 n. 1 (D.C.Cir.1992).

Mr. Pollard contends that, in light of *Bailey,* there was insufficient evidence to show his active employment of the firearm so as to constitute "use" of the firearm, as he was charged after the conjunctive phrase "and carry" was struck from the indictment. Mr. Pollard contends further that the fact there was a guilty plea in this case does not defeat the argument that the § 924(c)(1) conviction cannot stand because he neither understood the nature of the charge against him, nor whether his conduct actually fell within the charge. *United States v. Frye,* 738 F.2d 196, 199 (7th Cir.1984), citing *McCarthy v. United States,* 394 U.S. 459, 466–67, 89 S.Ct. 1166, 1170–71, 22 L.Ed.2d 418 (1969).

Since Mr. Pollard's motion to withdraw his plea arises after sentencing, he must meet the stringent "manifest injustice" standard before he may be permitted to withdraw it. *United States v. Griffin,* 816 F.2d 1 (D.C.Cir. 1987). The standard of "manifest injustice" for plea withdrawals is purposefully stringent: "The stringent standard for post-sentence plea withdrawal motions is intended to prevent a defendant from testing the weight of potential punishment, and then withdrawing the plea if he finds the sentence unexpectedly severe." *United States v. McKoy,* 645 F.2d 1037, 1040 n. 3 (D.C.Cir.1981).

**50**

Even if the facts were to show that defendant's possession of the weapon did not constitute "use" under the *Bailey* decision, manifest injustice has not occurred in this case. It is clear that, at the very least, Mr. Pollard did "carry" the gun for the purpose of § 924(c)(1). As the Court of Appeals has recognized, a person can "carry" a firearm if he or she constructively possesses it and the gun is within easy reach. *United States v. Morris*, 977 F.2d 617, 620–21 n. 1 (D.C.Cir. 1992); *United States v. Joseph*, 892 F.2d 118, 126 (D.C.Cir.1989) (firearm carried when within arm's span of defendant in bag held by co-defendant). The record indicates that Mr. Pollard had a loaded gun, if not on his person, within easy reach, while he was carrying 3.2 grams of cocaine base. There was strong evidence that the loaded gun was being carried to protect the drugs.

As a result, it cannot be said that Mr. Pollard has been victimized by "manifest injustice." Indeed, had the government proceeded on the "carry" prong of the statute and the court struck the word "used" from the indictment, his motion would be frivolous. It cannot be "manifest injustice" where, fortuitously, the words "and carried" rather than "used" were deleted in a case where the defendant so unequivocally admitted to facts which unquestionably showed that he "carried" the weapon in violation of 18 U.S.C. § 924(c).

Mr. Pollard cannot fairly claim to having been misled as to the nature of either the crime with which he was charged or of the government's proof of such crime. It was made clear to Mr. Pollard that the government was proceeding upon the theory that he carried the gun on his person to protect his drugs and Mr. Pollard freely acknowledged the truth of the government's proffer. He has not declared that he would not have pled guilty to unlawfully carrying a weapon in violation of 18 U.S.C. § 924(c) had he been made aware of what constituted "use" under the *Bailey* decision.

Mr. Pollard made an informed and knowing plea that his conduct violated 18 U.S.C. § 924(c). It is clear that his conduct did in fact violate that provision. Clearly, no manifest injustice has occurred in this case.[1] Accordingly, Mr. Pollard's motion to vacate his conviction is hereby denied. An appropriate order is attached hereto.

### *ORDER*

This matter is before the Court on Defendant–Petitioner Anthony N. Pollard's Motion for Relief from Conviction pursuant to 28 U.S.C. § 2255. Because Mr. Pollard has not demonstrated that his plea resulted in manifest injustice and for the reasons stated in the foregoing Memorandum Opinion, it is hereby

**ORDERED** that Defendant–Petitioner's motion be **DENIED.**

---

1. It is to be noted that before this Court accepts a plea from a defendant, the Court has to be satisfied that the defendant violated the statute. In this case, the facts clearly disclosed to the Court that defendant violated 18 U.S.C. § 924(c).